## ARTEMUS *vs.* THE STATE OF GEORGIA.

1. While the evidence was conflicting, there was ample testimony submitted by the State to show the guilt of the accused, and the jury were justified by the law and facts in finding him guilty.
2. Where, on the trial of a defendant indicted for murder, no defence was set up that the killing was manslaughter or justifiable homicide, but the defence made was that the defendant had nothing to do with the transaction and was not the party who committed the crime, and where the presiding judge charged the law applicable to the facts of the case, fully and fairly, there was no error in refusing to give in charge §§4319—4334 of the code.
3. Where declarations of the accused, made at the time of the transaction, and which constituted a part of the *res gestæ,* were admitted in evidence as part thereof, and the court charged properly as to such declarations, there was no error in refusing to give in charge §3792 of the code, on the subject of confessions.
4. Newly discovered evidence which is merely cumulative, will not require a new trial.

October 28, 1887.

Criminal Law. Evidence. Verdict. Charge of Court. *Res gestæ.* Confessions. Before Judge RICHARD H. CLARK. Fulton Superior Court. March Term, 1887.

Reported in the decision.

GARTRELL & LADSON ; WIMBISH & WALKER, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief; C. D. HILL, solicitor-general, for the State.

BLANDFORD, Justice.

Bully Artemus was indicted, tried and found guilty of the murder of Griffin Page, and under the verdict of the jury was sentenced to imprisonment in the penitentiary for life. A motion for new trial was made, upon the grounds that the verdict was contrary to the law and the evidence; that the court refused to charge at the request

of counsel for the accused, after he had concluded his charge to the jury, sections 4319 to 4334 of the code inclusive; and that the court refused to charge section 3792 of the code, on the subject of confessions; and furthermore, that the court erred in not granting a new trial on the ground of the newly discovered testimony of Robert Williams and Maggie Williams.

1. As to the first of these grounds, viz. that the verdict was contrary to the law and the evidence, the evidence shows that on the night of the 24th of December, 1886, in the city of Atlanta, in a certain house occupied by one Celia Hunter and her husband, there was a party and dance; that Griffin Page had paid ten cents to go to that party, had gone in and afterwards went out, and upon attempting to re-enter the door-keeper refused to admit him; and that he pushed open the door and pushed down the door-keeper. It further shows that Bully Artemus, who was in an adjoining room, said, " Let me get to my partner," and came in with a drawn knife in his hand and cut at Page, and the lights went out; that Page was cut in the abdomen, from which he shortly thereafter died; and that Bully Artemus went into the next room and said, " I have cut some damned son of a bitch, I don't know who it is."

The evidence further showed, by another witness, that Bully Artemus cut this man Page with a knife; and that shortly thereafter he went out of doors and lay on the ground and hollered and roared like a lion, according to the testimony of the witness, and said, " I am the man who cut the damned son of a bitch."

These were the main facts introduced in behalf of the State. Witnesses were introduced for the defence who testified that Bully Artemus was in an adjoining room when the cutting was done, and never went into the room where the cutting occurred. While the evidence was conflicting between the State's witnesses and the witnesses for the accused, there was ample testimony submitted by

the State to show the guilt of the accused, and the jury were justified by the law and the facts in finding him guilty. So there is nothing in this ground of the motion.

2. As to the next ground of the motion, viz. that the court refused to charge sections 4319 to 4334 of the code inclusive, we are of opinion that the court was not bound to charge these sections of the code, under the facts of this case. There was no defence set up that the killing was manslaughter or justifiable homicide, but the defence set up was that Bully Artemus had nothing to do with the transaction, and was not the party who committed the crime; and the judge having already charged the law applicable to the facts of the case, fully and fairly, we think he did right to decline the request to give in charge these sections of the code.

3. The next ground of the motion is, that the court declined to charge section 3792 of the code upon the subject of confessions. There is no objection made to the charge he gave on the subject of the declarations of the accused; it is not objected that he did not give the law fairly as to the declarations of the accused, constituting a part of the *res gestæ*. If the court charged the law fairly as to the declarations of the accused, which took place at the time of this transaction, and which constituted a part of the *res gestæ*, and which were admitted in evidence as a part of the *res gestæ*, then it was proper for him to decline to charge on the subject of confessions. And it appears from the record that he did give the law as to the declarations of the accused fairly in charge.

4. The next complaint is, that the court ought to have granted a new trial on the ground of newly discovered evidence. It is amazing how soon after a trial testimony can be discovered, and how hard it is to discover it before the trial. It appears that these parties went on an expedition of discovery while this motion for new trial was pending, and found the testimony of these two witnesses, and their testimony, as set out in their affidavits, goes to

the effect alone that Bully Artemus did not commit this offence; that he was not in the room when this crime was committed. That is all. The testimony is merely cumulative. It is upon the same line as the testimony of the witnesses introduced on the trial by the defendant. We think, therefore, that the court did right to overrule the motion on this ground; and upon the consideration of the whole case, we are of the opinion that the court did right to refuse the motion on all the grounds taken in the same, and the judgment of the court below is therefore affirmed.